**Tarvinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71984.

Agency No. A73–417–131.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mary Jane Candaux, Esq., Margaret Taylor, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Tarvinder Singh, a native and citizen of India, petitions for review of the Board of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of deportation and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

Singh contends that the IJ's adverse credibility finding is not supported by substantial evidence. We disagree. While not all the reasons cited by the IJ support the credibility finding, "[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003). We conclude that Singh's lack of knowledge about Sikh politics, as well as the inconsistencies and omission in his testimony regarding his mistreatment by the police, are sufficient to support the adverse credibility determination. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Alvarez–Santos,* 332 F.3d at 1255.

To the extent that Singh contends that he may be entitled to relief under the Convention, we lack jurisdiction to review this claim because Singh did not exhaust it with the BIA. *See Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir.1999).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 901 (9th Cir.2004), Singh's voluntary

departure period will begin to run upon issuance of this court's mandate.

PETITION DENIED.